IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CASE NO. 23-CR-35-RC-3** |
| | : | |
| TROY WEEKS, | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT WEEKS' MOTION TO SEVER**

TROY WEEKS, through his attorney JAMES C. KNOX, ESQ., pursuant to Federal Rule of Criminal Procedure 14, *et seq.*, hereby respectfully moves to sever his trial from that of defendant CASEY TRYON-CASTRO.

I.     **Procedural and Factual Background**

Defendants in this case were charged by indictment, originally filed on February 1, 2023. (Dkt. 53).  Thereafter, all defendants entered pleas of not guilty.  Subsequently, a superseding indictment was filed on September 6, 2023 (Dkt. 114), and all defendants again entered pleas of not guilty.  The superseding indictment is now the operative charging instrument.  As the Court is aware, all charges relate to allegations of wrongdoing associated with the demonstrations occurring at and around the Capitol on January 6, 2021.

Charged in the superseding indictment are defendant Troy Weeks, along with defendants Casey Tryon-Castro, Adam Villarreal, Patrick Bournes, Micaiah Joseph and Benjamin Silva.  Of

those, Adam Villarreal has yet to be apprehended; Patrick Bournes entered a plea of guilty on February 9, 2024; and Benjamin Silva entered a plea of guilty on April 5, 2024. Consequently, only defendants Weeks, Joseph and Tryon-Castro remain to be tried at the trial scheduled to commence on May 28, 2024.

At the conference held on March 20, 2024, among other topics, the Court inquired whether the parties had given any consideration to having the matter tried before the Court, rather than by a jury. Preliminarily, through counsel, defendants Weeks and Joseph expressed an interest in a bench trial, but defendant Tryon-Castro flatly rejected the suggestion, even in the face of some amount of skepticism; however, she allowed that she would consider the notion.

Since that conference, counsel for Weeks, Joseph and Tryon-Castro have conferred, but despite the entreaties of counsel for Weeks and Joseph, defendant Tryon-Castro is committed to a trial by jury. Without a doubt, defendants Weeks and Joseph prefer a bench trial. When queried by counsel for defendant Weeks as to whether the government would consent to a trial of Mr. Weeks by the bench, the government responded that it would consent, but only if all defendants wished to waive a trial by jury and have a trial by the Court alone. When further queried, the government stated that its position would not change even if two of three defendants desired a bench trial.

Accordingly, this motion is brought pursuant to Federal Rule of Civil Procedure 14 (a) to sever defendant Tryon-Castro from trial of defendants Weeks and Bournes.[1] Defendant Weeks believes that he is most likely to have his case heard by an impartial arbiter if he is tried to the Court. It is unfair and manifestly prejudicial that his ability to obtain the trial of his choice is

---

[1] Counsel for defendant Weeks has conferred with Kira Anne West, Esq., counsel for defendant Bournes. Ms. West advises that Mr. Bournes joins in this motion.

2

effectively frustrated solely by the dubious determination of Ms. Tryon-Weeks to elect a trial by jury. Looked at another way, it is similarly unfair for Mr. Weeks to be unable to elect a bench trial simply because the government requires, as a prerequisite to the provision of its consent, that Mr. Weeks find a way to get Ms. Tryon-Castro to forgo her right to trial by jury. Under either analysis, defendant Weeks is placed in an impossible situation (which Mr. Joseph finds himself in as well, for the exact same reasons). Accordingly, this motion to sever follows.[2]

II.     **Argument**

Federal Rule of Criminal Procedure 14(a) permits the Court to sever a defendant's trial if joinder "appears to prejudice a defendant or the government." Concededly, "severance is not required even if prejudice is shown." *United States v. Tucker*, 12 F.4th 804, 825 (D.C. Cir. 2021). However, fashioning appropriate relief is reposed in "the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Here, defendant Weeks (and defendant Joseph) believes that a trial by the Court is his best option for a fair consideration of the facts of this case. It is no secret that, as of January 5, 2024, of the 131 trials conducted by that date, in more than half, defendants opted for a trial before a judge alone. *See* Washington Post, "Most Jan. 6 Defendants Get Time Behind Bars, But Less Than U.S. Seeks," January 5, 2024, last accessed on April 12, 2024. Upon information and belief, the government has never before withheld consent to a bench trial in a January 6 trial. Further, upon and information and belief, the government has never before offered a conditional consent to a January 6 defendant, requiring a defendant who seeks a bench trial to first get a co-defendant to relinquish his or her right to trial by jury.

---

[2] Defendant has inquired, and the government opposes the relief sought herein.

The choice between a bench trial and trial by jury is not an inconsequential one, especially in a January 6 case. Of the January 6 trials conducted as of January 5, 2024, the only full acquittals had come in bench trials. *See Id.* Moreover, there can be little argument but that District residents generally view the incidents occurring on January 6, 2021, as an attack on their city, and this alone is perhaps why so many January 6 defendants have elected to have bench trials.

The government's refusal in this case to consent to a bench trial for defendants Weeks and Joseph is arbitrary and capricious, especially when considered in light of the government's consistent past practice in regard to these requests. While the government might point to the rationale that, were it to consent to a bench trial for Weeks and Joseph alone, the government would necessarily have to conduct two trials (one bench trial and one jury trial) rather than just one joint trial, such argument is undermined by the fact that the government is *already* in that position. Surely defendant Villareal will ultimately be apprehended in this case. If he is apprehended before May 28, will the trial be adjourned, or will he be severed from the indictment on the government's own motion?

If the latter situation arises, or if he is apprehended after the trial of his other codefendants commences, an anomaly will result: Mr. Villareal – a defendant in the same indictment – will be free to choose whether he is tried by jury or judge alone. He will have no co-defendants whom he must force to waive a jury trial before he obtains the government's consent to a bench trial.

It cannot be fair that, by virtue of his ability to elude apprehension, Mr. Villareal will be permitted a choice denied to defendants Weeks and Joseph. Severing the two defendants who seek a bench trial from the jury trial of Ms. Tryon-Castro is the one sure way to guarantee fairness and due process to all defendants.

**Conclusion**

For the foregoing reasons, defendant Weeks respectfully requests that he be severed from the indictment of defendant Casey Tryon-Castro, to permit those defendants who seek a bench trial to have one.

Respectfully submitted,

E. STEWART JONES HACKER MURPHY, LLP

By: */s/ James C. Knox*
James C. Knox, Esq.
(Admitted *pro hac vice*)
*Attorney for Troy Weeks*
28 Second Street
Troy, New York  12180
Telephone:  518-274-5820
jknox@joneshacker.com

## CERTIFICATE OF SERVICE

    I hereby certify on April 15, 2024, this document was delivered to the parties of record pursuant to ECF and the rules of the Clerk of the Court.

                                                */s/ James C. Knox*
                                                James C. Knox, Esq.
                                                (Admitted *pro hac vice*)
                                                *Attorney for Troy Weeks*
                                                28 Second Street
                                                Troy, New York 12180
                                                Telephone:  518-274-5820
                                                jknox@joneshacker.com