UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CASEY TRYON-CASTRO, ADAM VILLARREAL, TROY WEEKS, PATRICK BOURNES, and MICAIAH JOSEPH,<br><br>Defendants. | Case No.: 1:23-CR-000035-RC |

GOVERNMENT'S OPPOSITION
TO DEFENDANT WEEKS' MOTION TO SEVER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Opposition to Defendant Troy Weeks' Motion[1] to Sever, which defendant Micaiah Joseph has joined. ECF No. 159. In his motion, defendant Troy Weeks (hereinafter "the defendant") contends that a joint jury trial with co-defendant Casey Tryon-Castro would deny him a fair trial and therefore moves for severance under Rule 14 in the hopes that he and Joseph can proceed with a bench trial. However, as described in greater detail below, the defendant has failed to show how a joint jury trial would prejudice him or compromise a specific trial right. The Court should deny the defendant's motion.

---

[1] Defendant Troy Weeks indicates that co-defendant Micaiah Joseph joins in his motion. As a note, defendant Joseph previously filed a motion to sever on February 27, 2023, which is fully briefed and pending before the Court. ECF No. 71.

1

## PROCEDURAL BACKGROUND[2]

The defendant was arrested on January 10, 2023, and released pending trial. ECF No. 12; Minute Order dated January 17, 2023. On February 1, 2023, he was indicted along with his co-defendants. ECF No. 53. After representations that defendant Joseph planned to file pretrial motions, the Court set a deadline of February 27, 2023 for Joseph's motion to sever and March 21, 2023 for all other motions. Minute Order dated February 21, 2023. On February 27, 2023, defendant Joseph filed his motion to sever, ECF No. 71, which the government opposed, ECF No. 72. That motion remains pending.

At a status hearing on April 14, 2023, the Court scheduled a jury trial for December 4, 2023. On September 6, 2023, the government filed the Superseding Indictment. ECF No. 114. At the subsequent arraignment on September 11, 2023, the Court rescheduled the jury trial to May 28, 2024. At the request of the Court, the parties conferred and agreed to a pretrial motions' deadline of February 9, 2024. ECF 129, 130. On April 15, 2024—more than seven months after the May trial date was scheduled and two months after the motions' deadline—the defendant filed the instant motion to sever. ECF No. 159.

## APPLICABLE LEGAL STANDARD

Defendants who are properly joined under Rule 8 "may seek severance under Rule 14, which provides that '[i]f the joinder of offenses or defendants . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.'" *United States v. Wilson*, 605 F.3d 985, 1015 (D.C.

---

[2] The government previously addressed the factual predicate for joinder of the defendants in its response to defendant Joseph's motion to sever, ECF No. 72 at 3-30, and will spare the Court a recitation here. The defendant's motion is not based on the factual underpinnings of this case; rather he claims that severance is appropriate because a joint jury trial would deny him a fair trial. *See* ECF No. 159.

Cir. 2010) (quoting Fed. R. Crim. P. 14(a)).  As the Supreme Court has explained, Rule 14 "does not require severance even if prejudice is shown," and district courts "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).  Indeed, district courts retain "significant flexibility to determine how to remedy a potential risk of prejudice, including ordering lesser forms of relief such as limiting jury instructions."  *United States v. Bikundi*, 926 F.3d 761, 780 (D.C. Cir. 2019) (citing *United States v. Moore*, 651 F.3d 30, 95 (D.C. Cir. 2011)); *see United States v. Butler*, 822 F.2d 1191, 1194 (D.C. Cir. 1987) (acknowledging that trial judges are given great latitude to balance interests, including to preserve judicial and prosecutorial resources, and denying defendant's motion to sever).

Once multiple defendants are properly joined in the same indictment under Rule 8(b), "[d]istrict courts should grant severance" under Rule 14 "sparingly because of the 'strong interests favoring joint trials, particularly the desire to conserve the time of courts, prosecutors, witnesses, and jurors.'"  *United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (quoting *United States v. Mardian*, 546 F.2d 973, 979 (D.C. Cir. 1976) (*en banc*)).  The relevant portion of Rule 14 reads:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a).  Although "the standard of 'appears to prejudice a defendant' set out in Rule 14(a) for consideration of severance, does not, on its face, provide an onerous test, the discretion afforded to district courts must be exercised with appreciation of the policy reasons favoring joinder."  *United States v. Bikundi*, 14-cr-30 (BAH), 2016 WL 912169, at *42 (D.D.C. Mar. 7, 2016).  In fact, for severance to be proper "[t]here must be a serious risk that a joint trial

3

would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Bostick*, 791 F.3d 127, 152-53 (D.C. Cir. 2015) (citation and punctuation omitted); *see also United States v. Glover*, 681 F.3d 411, 417 (D.C. Cir. 2012) (affirming district court's denial of defense motion to sever trial citing same standard). Accordingly, severance is not required simply because a defendant might have a better chance of acquittal if tried separately. *See United States v. Halliman*, 923 F.2d 873, 884 (D.C. Cir. 1991). Salient factors that the Court should consider, and which militate against severance, include whether separate trials would involve (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3) the same illegal conduct. *See United States v. Manner*, 887 F.2d 317 (D.C. Cir. 1989).

## ARGUMENT

As an initial matter, the defendant's motion is untimely. This case was previously set for a December 2023 trial date. The defendant did not file a motion to sever in advance of that trial date. Further, due to the filing of a Superseding Indictment, the trial date was moved six months, to May 28, 2024. The Court ordered, based on the parties' recommendation, to set a pretrial motions deadline of February 9, 2024. That deadline passed more than two months ago.

Setting aside the tardiness of defendant's request, the motion fails on its merits. As the government argued in its response to defendant Joseph's Motion to Sever (Motion at ECF No. 71, Response at ECF No. 72), the defendants are properly joined pursuant to Rule 8(b), ECF No. 72 at 33, and the defendant does not contend otherwise, *see generally* ECF No. 159. Nevertheless, the defendant seeks severance under Rule 14. *Id.*

In his motion, the defendant argues that severance is warranted because "he believes that he is most likely to have his case heard by an impartial arbiter if he is tried to the Court." *Id.* at 2.
4

He expounds that a bench trial presents his best chance at an acquittal, as the only full acquittals of January 6 defendants occurred in bench trials. *Id.* at 4. Although not stated explicitly, the underlying assumption to defendant's arguments is that a jury picked in the District of Columbia would be biased. *See id.* at 4 ("[T]here can be little argument but that District residents generally view the incidents occurring on January 6, 2021, as an attack on their city, and this alone is perhaps why so many January 6 defendants have elected to have bench trials."). The defendant further blames the government for refusing to consent to a bench trial for him and defendant Joseph in light of defendant Tryon-Castro's assertion of her right to a trial by jury. *Id.* at 4 ("The government's refusal in this case to consent to a bench trial for defendants Weeks and Joseph is arbitrary and capricious, especially when considered in light of the government's consistent past practice in regard to these requests.").

These arguments are unavailing. First and foremost, the defendant has no right to a bench trial and therefore cannot demonstrate that a joint jury trial would compromise a specific trial right. Moreover, the defendant has failed to identify any prejudice that could arise from a joint trial, and is incorrect that the government's opposition to severance in this case is anything other than consistent with the government's practice in favor of joint trials for properly-joined codefendants.

### A. The defendant fails to demonstrate that a joint jury trial would compromise a specific trial right.

The assumption underlying the defendant's argument is the incorrect premise that criminal defendants are entitled to a choice between a jury trial and a bench trial. *See generally id.* No such trial right exists. *Singer v. United States*, 380 U.S. 24, 34 (1965) ("[T]here is no federally recognized right to a criminal trial before a judge sitting alone[.]"). Although the defendant may, in certain circumstances, waive his constitutional right to a jury trial, that ability does not convey an implicit constitutional right to a bench trial. *Id.* ("The ability to waive a constitutional right

5

does not ordinarily carry with it the right to insist upon the opposite of that right.  For example, although a defendant can, under some circumstances, waive his constitutional right to a public trial, he has no absolute right to compel a private trial[.]").  Because the defendant does not have a right to a bench trial, severance is not appropriate because he incidentally cannot show that a joint jury trial would infringe on a specific trial right.  *See Zafiro*, 506 U.S. at 539 ("[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

Rule 23 lends further support to this notion.  Rule 23 provides, in relevant part:

**Jury Trial**. If the defendant is entitled to a jury trial, the trial must be by jury unless:
(1) the defendant waives a jury trial in writing;
(2) the government consents; and
(3) the court approves.

Fed. R. Crim. P. 23(a).  Thus, even where a defendant gives a knowing waiver, it is not a foregone conclusion that the government must or should consent, or that the Court would accept such a waiver.  As the Supreme Court noted in *Patton v. United States*, the role of the jury is such an important one in our legal traditions that in determining whether to approve a defendant's waiver of a jury trial, "the duty of the trial court in that regard is not to be discharged as a mere matter of rote, but with sound and advised discretion, with an eye to avoid unreasonable or undue departures from that mode of trial or from any of the essential elements thereof, and with a caution increasing in degree as the offenses dealt with increase in gravity." 281 U.S. 276, 312-13 (1930) (abrogated by *Williams v. Fla.*, 399 U.S. 78 (1970) as to the discussion of the history of a 12-person jury) ("Not only must the right of the accused to a trial by a constitutional jury be jealously preserved, but the maintenance of the jury as a fact-finding body in criminal cases is of such importance and has such a place in our traditions, that, before any waiver can become effective, the consent of

government counsel and the sanction of the court must be had, in addition to the express and intelligent consent of the defendant.")  In fact, such motions have been denied in the context of January 6 defendants.  *E.g.*, *United States v. Shane Jenkins*, 21-cr-245 (APM), Minute Entry (D.D.C. March 13, 2023); *United States v. Rhodes, III et al*. (Oathkeepers II), 22-cr-15 (APM), 10/3/2022 Trial Tr. at 1029-40 (Attached as Exhibit 1).  In denying a motion for a bench trial in Oathkeepers II, Judge Mehta explained:

> [T]he bottom line is that the Court does have discretion ultimately in deciding whether to grant a bench trial or not. And as the Supreme Court has said [in *Patton*], jury trials are the norm and they should only be deviated with occasional exceptions, and particularly as the seriousness of the matter increases a court should be more skeptical of granting a bench trial in those circumstances.

10/3/2022 Trial Tr. at 1030 (citing *Patton*, 281 U.S. 276 (1930)).  The Court should similarly be skeptical of the request for a bench trial here, given that the defendant has failed to show how a joint trial would compromise a specific trial right.

### B. The defendant would not be prejudiced if the joint trial proceeds in front of a jury.

Rule 14 provides that severance *may* be appropriate where joinder would appear to prejudice the defendant or the government.  Fed. R. Crim. Proc. 14; *Zafiro*, 506 U.S. at 539.  The closest the defendant comes to arguing prejudice is when he asserts that a bench trial is his "best option[.]" *See* ECF No. 159 at 3 ("[D]efendant Weeks (and defendant Joseph) believes that a trial by the Court is his best option for a fair consideration of the facts of this case.").  The defendant further opines that, given the number of January 6 convictions and the fact that the only full acquittals occurred in bench trials, the choice between a bench trial and a jury trial is "not an inconsequential one[.]" *Id.* at 4.

The prejudice asserted by the defendant appears to be that a jury in the District of Columbia could not be impartial in the context of a January 6 trial.  *See id.*  That argument has been disposed

of by many other judges in this District[3] as well as by this Court in denying defendant Joseph's Motion to Transfer Venue, ECF No. 160 at 3-5 (denying the motion, in part, because the "size and characteristics of the District of Columbia weigh against a presumption of prejudice"). Moreover,

---

[3] Judges on this Court have denied motions for change of venue in dozens of January 6 prosecutions on similar grounds, and no judge has granted a change of venue in a January 6 case. *See, e.g.*, *United States v. Ballenger*, 640 F. Supp. 3d 34 (D.D.C. 2022) (JEB); *United States v. Nassif*, 628 F. Supp. 3d 169, 185–88 (D.D.C. 2022) (JDB); *United States v. Ramey*, 22-cr-184, Minute Entry (D.D.C. Jan. 30, 2023) (DLF); *United States v. Eckerman*, et al., No. 21-cr-623, Minute Order (D.D.C. Jan. 26, 2023) (CRC); *United States v. Pollock, et al.*, No. 21-cr-447, Minute Entry (D.D.C. Jan. 25, 2023) (CJN); *United States v. Gossjankowski*, No. 21-cr-0123, 2023 WL 395985 (D.D.C. Jan. 25, 2023) (PLF); *United States v. Adams*, No. 21-cr-212, ECF No. 60 (D.D.C. Jan. 24, 2023) (ABJ); *United States v. Rhine*, No. 21-cr-0687, 2023 WL 372044 (D.D.C. Jan. 24, 2023) (RC); *United States v. Oliveras*, No. 21-cr-738, 2023 WL 196679 (D.D.C. Jan. 17, 2023) (BAH); *United States v. Sheppard*, No. 21-cr-203, 2022 WL 17978837 (D.D.C. Dec. 28, 2022) (JDB); *United States v. Samsel, et al.*, No. 21-cr-537, ECF No. 227 (D.D.C. Dec. 14, 2022) (JMC); *United States v. Gillespie*, No. 22-cr-60, ECF No. 41 (D.D.C. Nov. 29, 2022) (BAH); *United States v. Barnett*, No. 21-cr-38, ECF No. 90 (D.D.C. Nov. 23, 2022) (CRC); *United States v. Bender, et al.*, No. 21-cr-508, ECF No. 78 (D.D.C. Nov. 22, 2022) (BAH); *United States v. Sandoval*, No. 21-cr-195, ECF No. 88 (D.D.C. Nov. 18, 2022) (TFH); *United States v. Vargas Santos*, No. 21-cr-47, Minute Entry (D.D.C. Nov. 16, 2022) (RDM); *United States v. Nordean, et al.*, No. 21-cr-175, ECF No. 531 (D.D.C. Nov. 9, 2022) (TJK); *United States v. Eicher*, No. 22-cr-38, 2022 WL 11737926 (D.D.C. Oct. 20, 2022) (CKK); *United States v. Schwartz*, et al., No. 21-cr-178, ECF No. 142 (D.D.C. Oct. 11, 2022) (APM); *United States v. Brock*, No628 F. Supp. 3d 85 (D.D.C. 2022) (JDB), aff'd, No. 23-3045, 2023 WL 3671002 (D.C. Cir. May 25, 2023); *United States v. Jensen*, No. 21-cr-6, Minute Entry (D.D.C. Aug. 26, 2022) (TJK); *United States v. Seitz*, No. 21-cr-279, Minute Order (D.D.C. Aug. 17, 2022) (DLF); *United States v. Strand*, No. 21-cr-85, ECF No. 89 (D.D.C. Aug. 17, 2022) (CRC); *United States v. Williams*, No. 21-cr-618, ECF No. 63 (D.D.C. Aug. 12, 2022) (ABJ); *United States v. Herrera*, No. 21-cr-619, ECF No. 54 (D.D.C. August 4, 2022) (BAH); *United States v. Garcia*, No. 21-cr-129, 2022 WL 2904352 (D.D.C. July 22, 2022) (ABJ); *United States v. Rusyn, et al.*, No. 21-cr-303, Minute Entry (D.D.C. July 21, 2022) (ABJ); *United States v. Bledsoe*, No. 21-cr-204, Minute Order (D.D.C. July 15, 2022) (BAH); *United States v. Calhoun*, No. 21-cr-116, Minute Order (D.D.C. July 11, 2022) (DLF); *United States v. Rhodes, et al.*, 610 F. Supp. 3d 29 (D.D.C. 2022) (APM); United States v. Williams, No. 21-cr-377, Minute Entry (D.D.C. June 10, 2022) (BAH); *United States v. McHugh*, No. 21-cr-453, Minute Entry (D.D.C. May 4, 2022) (JDB); *United States v. Hale-Cusanelli*, No. 21-cr-37, Minute Entry (D.D.C. April 29, 2022) (TNM); *United States v. Webster*, No. 21-cr-208, ECF No. 78 (D.D.C. Apr. 18, 2022) (APM); *United States v. Alford*, 21-cr-263, ECF No. 46 (D.D.C. Apr. 18, 2022) (TSC); *United States v. Brooks*, No. 21-cr-503, ECF No. 31 (D.D.C. Jan. 24, 2022) (RCL); *United States v. Bochene*, 579 F. Supp. 3d 177 (D.D.C. 2022) (RDM); *United States v. Fitzsimons*, No. 21-cr-158, Minute Order (D.D.C. Dec. 14, 2021) (RC); *United States v. Reffitt*, No. 21-cr-32, Minute Order (D.D.C. Oct. 15, 2021) (DLF); *United States v. Caldwell*, No. 21-cr-28, ECF No. 415 (D.D.C. Sept. 14, 2021) (APM).

this Court has said it is "confident that thorough voir dire will be sufficient to root out any prejudice along the lines suggested by [defendant Joseph] that calls into question a potential juror's ability to be impartial." *Id.* The same is true here.

Moreover, even assuming the unfounded claim that the defendant has a better chance of acquittal in a bench trial instead of a jury trial, severance is not required simply because he may have a better chance of acquittal if tried separately. *See Halliman*, 923 F.2d at 884.

### C. The defendant's estoppel arguments are irrelevant to the Court's analysis of the instant motion, and without merit.

The defendant also asserts an estoppel-like argument for severance, incorrectly suggesting that the government's preference for a joint trial encourages defendant Weeks to pressure defendant Tryon-Castro to waive her constitutional right to a jury trial. *See* ECF No. 159 at 4. The defendant's characterization is inaccurate. In response to defendant's inquiry as to the government's position on a bench trial for defendant Weeks, the government readily agreed to consent in the event that all three trial defendants requested a bench trial. But the government noted that it could not agree to a bench trial for just one defendant—or even two out of three defendants—in a multi-defendant case.

The government will not consent unless all three defendants seek a bench trial because the evidence the government intends to present at trial overlaps significantly for all three defendants. ECF No. 72 (laying out the factual predicate for joinder). Specifically, the government intends to call many of the same witnesses to testify about what happened in the Lower West Terrace tunnel when the defendants were inside from 2:43 p.m. to 3:18 p.m. ECF No. 72 at 3 (chart detailing the overlap of the defendants' presence inside the Tunnel), and 33. Given the overlapping witnesses and evidence, it is more efficient to try these defendants together. Despite the defendant's claim to the contrary, the government has taken this position in other cases where similar interests are at

play.  *E.g., United States v. Donovan Crowl, et al.* (Oathkeepers), 21-cr-28 (APM), 1/20/2023 PTC Tr. at 14:9-12 ("We understand the government's position is that they would only accept or not oppose that request if all the defendants in our trial grouping are amenable to a bench trial.").  But it is also true that, where efficiency does not militate in favor of joinder (e.g., a single-defendant case), the government has often consented to defendants' requests for a bench trial.  By doing so, the government has not waived its right to oppose a bench trial if, like here, a bench trial would tax the resources of both the government and the Court by requiring that a single trial be severed into two.

### D.  The defendant's "efficiency" argument for severance is also without merit.

The defendant further asserts that, because defendant Villareal has evaded arrest and will presumably be tried separately, the same number of trials will be conducted regardless of severance.  ECF No. 159 at 4.  Again, the defendant's argument falls short.  Similar to his estoppel argument, his efficiency argument has no footing in the law.  *See* Fed. R. Crim. Proc. 14.  His speculation on how many and when his co-defendants' trials will occur does not bear on any prejudice argument or trial right.  Thus, it is irrelevant to the Court's analysis.

Even if the Court engaged in the type of speculation invited by the defendant, the defendant's argument fails.  Assuming defendant Villareal were arrested tomorrow and hastily brought to the jurisdiction, it is doubtful that Villareal could proceed to trial in May—only one month after his hypothetical arrest.  Rather, if the Court granted severance here, three trials would occur—not two: One trial for defendants Weeks and Joseph, a second trial for defendant Tryon-Castro, and a third trial assuming that defendant Villareal is ultimately apprehended.  Thus, efficiency also weighs in favor of a joint jury trial.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that defendant Weeks' Motion to Sever be denied.

                                                  Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Sarah C. Martin*
SARAH C. MARTIN
Assistant United States Attorney
Bar No. 1612989
601 D Street NW
Washington, D.C. 20530
Sarah.Martin@usdoj.gov
(202) 252-7048

KAITLIN KLAMANN
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
IL Bar No. 6316768
(202) 252-6778
Kaitlin.klamann@usdoj.gov