**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 23-CR-35 (RC)** |
| **v.** | : | |
| | : | |
| **CASEY TRYON-CASTRO, TROY** | : | |
| **WEEKS, AND MICAIAH JOSEPH,** | : | |
| | : | |
| **Defendants.** | : | |

**UNITED STATES' MOTION IN LIMINE TO PRECLUDE IMPROPER DEFENSE
ARGUMENTS AND EVIDENCE ABOUT LAW ENFORCEMENT**

The United States of America requests that the Court issue an order precluding the defendants Casey Tryon-Castro, Troy Weeks, and Micaiah Joseph (hereinafter "the defendants"), from introducing evidence or arguing any of the following: (1) any entrapment by estoppel defense related to law enforcement; (2) any claim that by allegedly failing to act, law enforcement made the defendants' entry into the United States Capitol building or grounds or their conduct therein lawful; and (3) any alleged inaction by law enforcement unless the defendants specifically observed or was otherwise aware of such conduct at the time of the crime.[1]

**ARGUMENT**

I.  **This Court Should Preclude the Defendants from Arguing Entrapment by Estoppel, i.e., that Law Enforcement Allowed the Defendants to Enter the United States Capitol**

At trial, the government will present evidence of the defendants' conduct in the Lower West Terrace tunnel, commonly referred to as "the tunnel."  The officers' reactions to the defendants' presence and the circumstances of the Riot make clear that the defendants were not permitted on Capitol grounds or in the tunnel.  However, in an abundance of caution, the

---

[1] The government may seek to file additional motions in limine as the May trial approaches, as it has to receive any motions, evidence, proposed exhibits, or other information about the defendants' potential case.

government nevertheless files this motion to preclude any defense argument that law enforcement allowed them to enter Capitol grounds or the Capitol Building.

"To win an entrapment-by-estoppel claim, a defendant criminally prosecuted for an offense must prove (1) that a government agent actively misled him about the state of the law defining the offense; (2) that the government agent was responsible for interpreting, administering, or enforcing the law defining the offense; (3) that the defendant actually relied on the agent's misleading pronouncement in committing the offense; and (4) that the defendant's reliance was reasonable in light of the identity of the agent, the point of law misrepresented, and the substance of the misrepresentation." *United States v. Chrestman*, 525 F. Supp. 3d 14, 31 (D.D.C. 2021) (emphasis added) (quoting *United States v. Cox*, 906 F.3d 1170, 1191 (10th Cir. 2018)).

In *Chrestman*, Chief Judge Howell rejected an entrapment by estoppel argument raised by a January 6 defendant. Although *Chrestman* involved an argument that former President Trump gave the defendant permission to enter the Capitol building, the reasoning in *Chrestman* applies equally to an argument that a member of law enforcement gave permission to the defendant to enter the Capitol building.

> January 6 defendants asserting the entrapment by estoppel defense could not argue that they were at all uncertain as to whether their conduct ran afoul of the criminal law, given the obvious police barricades, police lines, and police orders restricting entry at the Capitol. Rather, they would contend … that the former President gave them permission and privilege to the assembled mob on January 6 to violate the law.

> \* \* \* \*

> Setting aside the question of whether such a belief was reasonable or rational, [precedent] unambiguously forecloses the availability of the defense in cases where a government actor's statements constitute "a waiver of law" beyond his or her lawful authority…. Just as … no Chief of Police could sanction murder or robbery, notwithstanding this position of authority, no President may unilaterally abrogate criminal laws duly enacted by Congress as they apply to a subgroup of his most vehement supporters. Accepting that premise, even for the limited purpose of immunizing defendant and others similarly situated from criminal liability, would require this Court to accept that the President may prospectively shield whomever he pleases from prosecution simply by

advising them that their conduct is lawful, in dereliction of his constitutional obligation to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. That proposition is beyond the constitutional pale, and thus beyond the lawful powers of the President.

*Chrestman*, 525 F. Supp. 3d 14, 32–33 (some internal punctuation omitted).

Just as a President cannot unilaterally repeal laws, no member of law enforcement could do so either and use their authority to allow individuals to enter the Capitol Building during a violent riot. "[T]he logic in *Chrestman* that a U.S. President cannot unilaterally abrogate statutory law applies with equal force to government actors in less powerful offices, such as law enforcement officers protecting the U.S. Capitol Building." Memorandum and Order, *United States v. Williams*, No. 21-cr-377-BAH, at *2 (D.D.C. June 8, 2022).

Even if one of the defendants could establish that a member of law enforcement told them that it was lawful to enter the Capitol building or allowed them to do so, the defendants' reliance on any such statement would not be reasonable considering the "obvious police barricades, police lines, and police orders restricting entry at the Capitol." *Chrestman*, 525 F. Supp. 3d at 32. The defendants should be prohibited from arguing that their conduct was lawful if they try to argue that law enforcement allegedly signaled that it was.

## II.     This Court Should Preclude the Defendants from Arguing that Alleged Inaction by Law Enforcement Officers Made Their Conduct on January 6, 2021 Legal

In addition to prohibiting any defense arguments that law enforcement actively communicated to the defendants that entering the Capitol building or grounds was lawful, the Court should also bar the defendants from arguing that any failure of law enforcement to act rendered the defendants' conduct legal. The same reasoning that applied in *Chrestman* again applies here. That is, like the President, a law enforcement officer cannot "unilaterally abrogate criminal laws duly enacted by Congress" through his or her purported inaction. *Chrestman*, 525

F. Supp. 3d at 33.  An officer cannot shield an individual from liability for an illegal act by failing to enforce the law or ratify unlawful conduct by failing to prevent it.

"Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." *Williams*, No. 21-cr-377-BAH, at \*3; s*ee also Garcia v. Does*, 779 F.3d 84, 95 (2d Cir. 2015) (en banc) (protesting defendants denied the entrapment by estoppel defense after they argued that their prosecuted conduct had been implicitly approved by the police, but could not show that it was "affirmatively authorized" by the police). It should apply the same principle in this case.  Accordingly, the defendants should be prohibited from arguing that their conduct was lawful because law enforcement officers allegedly failed to prevent it or censure it when it occurred.

### III.    This Court Should Preclude the Defendants from Arguing or Presenting Evidence of Alleged Inaction by Law Enforcement Officers Unless the Defendants Specifically Observed or Were Otherwise Aware of Such Conduct

The government acknowledges that the conduct of law enforcement officers may be relevant to the defendants' state of mind on January 6, 2021.  However, unless the defendants show that, at the relevant time, they specifically observed or were otherwise aware of some alleged inaction by law enforcement, such evidence is irrelevant to the defendants' intent.  Federal Rule of Evidence 401 states that evidence is relevant if it "has any tendency to make a fact more or less probable … and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Here, if the defendants were not aware of law enforcement's alleged inaction at the time of their entry onto restricted grounds or into the tunnel (or at the time they committed the other offenses charged in the Indictment), any alleged inaction would have no bearing on the defendants' state of mind and therefore would not meet the threshold for relevance.

Introducing evidence of any alleged inaction by the police is irrelevant, except to the extent the defendants demonstrate that they specifically observed or were aware of the alleged inaction

by law enforcement when they committed the offenses charged in the Indictment. *See Williams*, No. 21-cr-377-BAH, at *3-4.

## CONCLUSION

For the reasons set forth herein, the United States respectfully requests that this Court preclude improper argument or evidence related to entrapment by estoppel, that law enforcement's alleged inaction rendered the defendants' actions lawful, and any evidence or argument relating to alleged inaction by law enforcement except to the extent that the defendants specifically observed or was otherwise aware of such conduct at the relevant time.

Respectfully submitted,

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

By:     /s/ *Sarah C. Martin*
        SARAH C. MARTIN
        Assistant United States Attorney
        Bar No. 1612989
        601 D Street NW
        Washington, D.C. 20530
        Sarah.Martin@usdoj.gov
        (202) 252-7048

By:     /s/ *Kaitlin Klamann*
        KAITLIN KLAMANN
        Assistant United States Attorney
        IL Bar No. 6316768
        601 D Street NW
        Washington, DC 20530
        Kaitlin.Klamann@usdoj.gov
        (202) 252-6778