# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 23-35 (RC) |
| | : | |
| CASEY TRYON-CASTRO, ADAM VILLARREAL, TROY WEEKS, PATRICK BOURNES, MICAIAH JOSEPH, and BENJAMIN SILVA, | : | Re Document No.:  159 |
| | : | |
| Defendants. | : | |

## ORDER

**DENYING DEFENDANTS TROY WEEKS'S AND MICAIAH JOSEPH'S MOTION TO SEVER**[1]

Defendants Troy Weeks and Micaiah Joseph are charged—alongside four others—in a multi-count superseding indictment arising from their alleged actions during the attack on the Capitol on January 6, 2021. *See* Superseding Indictment, ECF No. 114. Two of the charged defendants—Patrick Bournes and Benjamin Silva—have since pleaded guilty, *see* Min. Entry, *United States v. Tryon-Castro*, No. 23-cr-35 (D.D.C. Feb. 9, 2024) (entry of Bournes's guilty plea); Min. Entry, *United States v. Tryon-Castro*, No. 23-cr-35 (D.D.C. Apr. 5, 2024) (entry of Silva's guilty plea), and a third defendant, Adam Villarreal, remains on the lam, *see* Defs.' Mot. Sever ("Defs.' Mot.") at 4, ECF No. 159. A jury trial of the remaining three defendants—Weeks, Joseph, and Casey Tryon-Castro—is scheduled to commence on May 28, 2024. *See* Min. Entry, *United States v. Tryon-Castro*, No. 23-cr-35 (D.D.C. Mar. 20, 2024). Defendants Weeks and Joseph now move to sever their trial from that of Tryon-Castro. Defs.' Mot. at 1. Weeks and Joseph seek to be tried by the Court, whereas Tryon-Castro wishes to be tried by

---

[1] Despite being styled as only pertaining to Defendant Weeks, Defendant Joseph joins in the motion to sever. *See* Defs.' Mot. to Sever at 2 & n.1, ECF No. 159.

jury. *Id.* at 2. The Government represents that it would consent to a bench trial if all three of the defendants consented to one. *See* Gov't's Opp'n Defs.' Mot. Sever ("Gov't's Opp'n") at 9, ECF No. 161. But because that is not the case, the Government opposes the motion to sever on multiple grounds. *See id.* at 5–10. Weeks and Joseph have not filed a reply, and their motion is now ripe for review. For the reasons discussed below, that motion is denied.

## I. LEGAL STANDARD

"There is a preference in the federal system for joint trials." *United States v. Bikundi*, 926 F.3d 761, 780 (D.C. Cir. 2019); *see Zafiro v. United States*, 506 U.S. 534, 537 (1993). Federal Rule of Criminal Procedure 8(b) thus permits joinder of defendants in the same indictment when "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."[2] Fed. R. Crim. P. 8(b). Even when joinder is appropriate under Rule 8(b), however, Rule 14(a) allows courts to sever a defendant's trial if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). This standard is not as lenient as it may seem at first; the Supreme Court has cautioned that "a district court should grant a severance . . . only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States v. Celis*, 608 F.3d 818, 844 (D.C. Cir. 2010) (explaining that motions to sever should be granted "sparingly"). And indeed, "severance is not required 'even if prejudice is shown.'" *United States v. Tucker*, 12 F.4th 804, 825 (D.C. Cir. 2021) (quoting *Zafiro*, 506 U.S. at 538–39); *United States v. Gooch*, 665 F.3d 1318, 1326 (D.C. Cir. 2012) (explaining that a showing of

---

[2] Weeks and Joseph do not presently argue that the charges against them were improperly joined, and the Court recently rejected Joseph's contention that joinder was improper. *See* Order at 3–6, *United States v. Tryon-Castro*, No. 23-cr-35 (D.D.C. Apr. 29, 2024), ECF No. 168.

prejudice does not warrant "an automatic grant of the motion"). Trial courts retain "significant flexibility to determine how to remedy any potential risk of prejudice posed by the joinder of multiple defendants in a single trial." *Tucker*, 12 F.4th at 825 (quoting *United States v. Moore*, 651 F.3d 30, 95 (D.C. Cir. 2011) (per curiam)). "Severance is the exception rather than the rule," *id.*, and defendants seeking the benefit of the exception carry a "heavy burden," *United States v. McCaughey*, 605 F. Supp. 3d 84, 88 (D.D.C. 2022) (quoting *United States v. Williams*, 507 F. Supp. 3d 181, 196 (D.D.C. 2020)).

## II.   ANALYSIS

Weeks and Joseph move to sever their trial from that of Tryon-Castro on the ground that they would prefer to be tried by the Court rather than a jury. Defs.' Mot. at 2. In support of their motion, they argue that the Court is more likely to be an "impartial arbiter" of the claims against them and that "[i]t is unfair and manifestly prejudicial that [their] ability to obtain the trial of [their] choice is effectively frustrated solely by the dubious determination of . . . Tryon-[Castro] to elect a trial by jury." *Id.* at 2–3. They also argue that it is "unfair" that the Government refuses to consent to a bench trial simply because all three defendants do not want to proceed to trial before the Court. *Id.* at 3–4. And finally, in light of the fact that Villarreal remains at large, they suggest that it would be no less efficient for the Court to sever their trial because the Court will already need to conduct two trials in this case. *Id.* at 4. None of these contentions warrants severance.

First, as the Government correctly emphasizes, "there is no federally recognized right to a criminal trial before a judge sitting alone." *Singer v. United States*, 380 U.S. 24, 34 (1965). To the contrary, "[t]rial by jury has been established by the Constitution as the 'normal and . . . preferable mode of disposing of issues of fact in criminal cases.'" *Id.* at 35 (quoting

3

*Patton v. United States*, 281 U.S. 276, 312 (1930)).  Although a defendant may "in some instances waive his right to a trial by jury," that ability does not give him "the right to insist upon" a bench trial.  *Id.* at 34–35.  And here, because Weeks and Joseph do not have a fundamental right to be tried by the Court, they have failed to show—as they must—that "a joint trial [by jury] would compromise a specific trial right."  *See Zafiro*, 506 U.S. at 539.

       The fact that Weeks and Joseph would *prefer* a bench trial—and think they would have better odds of prevailing in such a trial, *see* Defs.' Mot. at 4—does not alter that conclusion, *see Singer*, 380 U.S. at 36 (rejecting argument that "compel[ling] a defendant in a criminal case to undergo a jury trial against his will is contrary to his right to a fair trial or to due process").  Similarly unavailing is their argument that it is "unfair" for the Government to refuse to consent to a bench trial unless Tryon-Castro agrees to a bench trial as well.  After all, Federal Rule of Criminal Procedure 23(a) expressly provides that "[i]f [a] defendant is entitled to a jury trial, the trial must be by jury unless . . . the defendant waives a jury trial," *and* "the government consents."  Fed. R. Crim. P. 23(a) (also requiring the court to "approve[]").  The Supreme Court has confirmed the constitutionality of this arrangement, explaining that there is "no constitutional impediment to conditioning" a defendant's waiver of his right to trial by jury "on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury—the very thing that the Constitution guarantees him."  *Singer*, 380 U.S. at 36; *see also id.* (explaining that "the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result"); *United States v. Goodwin*, 457 U.S. 368, 383 n.18 (1982) (explaining that "[i]n many cases—and for many reasons—both the judge and the prosecutor may prefer to have a case

4

tried by jury"). There is, in other words, nothing untoward about the Government's refusal to consent to bifurcated trials in this case.

The Court also rejects Weeks's and Joseph's argument that they will be prejudiced by a jury trial because District of Columbia jurors are more likely to harbor biases against them. *See* Defs.' Mot. at 4 (arguing that, in January 6 cases, "[t]he choice between a bench trial and trial by jury is not an inconsequential one" because "District residents generally view the incidents occurring on January 6, 2021, as an attack on their city"). Time and again, courts in this district have rejected blanket attacks on the alleged partiality of District of Columbia jurors. *See, e.g.*, *United States v. Ballenger*, 640 F. Supp. 3d 34, 38–39 (D.D.C. 2022). And in the event that some prospective jurors do harbor biases against January 6 defendants such as Weeks and Joseph, the Court is confident that voir dire will be sufficient to root out those jurors whose ability to be impartial is questionable. *See United States v. Haldeman*, 559 F.2d 31, 63 (D.C. Cir. 1976) ("[I]f an impartial jury actually cannot be selected, that fact should become evident at the voir dire.").

Finally, the Court finds that, on balance, the interest in judicial efficiency outweighs any interest that Weeks and Joseph have in a separate bench trial. The Government anticipates that many of the same witnesses and much of the same evidence will apply to its cases against each of Weeks, Joseph, and Tryon-Castro. *See* Gov't's Opp'n at 9. It represents, for instance, that, were the defendants to be tried separately, it would need to "call many of the same witnesses to testify about what happened in the Lower West Terrace tunnel when the defendants were inside from 2:43 p.m. to 3:18 p.m." *See id.* The significant overlap in witnesses and evidence is a factor that favors a joint trial in this case. *See McCaughey*, 605 F. Supp. 3d at 90. Weeks and Joseph resist this conclusion by arguing that, because Villarreal has yet to be captured and will

likely not proceed to trial on May 28, the Court will need to conduct two trials no matter what happens. *See* Defs.' Mot. at 4. While it is no doubt true that Villarreal may require a separate trial, there is no guarantee that he will want to be tried in the same manner—by jury or by bench—as the severed defendant or defendants. Thus, it is just as likely that granting the instant motion could eventually require the Court to conduct *three* trials, not just two.

### III.  CONCLUSION

For the foregoing reasons, Defendants Weeks's and Joseph's Motion to Sever (ECF No. 159) is **DENIED.**

**SO ORDERED**.

Dated:  May 6, 2024                                                                                  RUDOLPH CONTRERAS
                                                                                                                    United States District Judge