# GOVERNMENT EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA :  :   Case No.  23-CR-35  v. : : CASEY TRYON-CASTRO, MICAIAH : JOSEPH AND TROY WEEKS, : : : Defendants. : | |

**United States' Proposed *Voir Dire***

1.  This is a criminal case. The United States has charged defendants Casey Tryon-Castro, Troy Weeks and Micaiah Joseph with violating federal criminal laws based on their conduct at the United States Capitol on January 6, 2021. The indictment alleges that the defendants obstructed law enforcement officers during a civil disorder, that each defendant assaulted police officers and that defendant Tryon-Castro robbed a police officer of his shield. The indictment also charges each of the defendants with entering and remaining in the restricted U.S. Capitol building and grounds; disorderly and disruptive conduct; engaging in physical violence; and impeding passage through the Capitol grounds or buildings.  The defendants have pleaded not guilty to all charges. Do you know or has anyone heard of Casey Tryon-Castro, Troy Weeks or Micaiah Joseph?

2.  The government is represented in this case by Assistant United States Attorneys Kaitlin Klamann and Sarah Martin, assisted by paralegal specialist Jennaie Bashay, all of whom work at the United States Attorney's Office here in Washington, D.C. Also at counsel table is FBI Special Agent Michael Beck. Do you know any of these people?

1

3. Defendant Casey Tryon-Castro is represented by Benjamin Schiffelbein. Defendant Troy Weeks is represented by James Knox. Defendant Micaiah Joseph is represented by Kira West. Do you know any of these people?

4. During the trial, you may hear testimony from or about several people in the government's case, including: United States Capitol Police Captain Tia Summers, FBI Special Agents Michael Beck and Joshua Bills, FBI Digital Forensic Examiner Andrew Kochy, Metropolitan Police Sergeant William Bogner, Metropolitan Police Officer Omar Forrester, Metropolitan Police Sergeant Phuson Nguyen, United States Secret Service Inspector Lanelle Hawa, and Lorne Joseph. The defendants are not obligated to call any witnesses. However, you may also hear testimony from or about the following additional people; [defense witnesses]. Do you know any of these people?

5. Do you know anyone else on the prospective jury panel, the courtroom staff, or me?

6. During this trial, you will hear about some of the events at the United States Capitol on January 6, 2021. Were you, any member of your immediate family, or a close personal friend present at the U.S. Capitol on January 6, 2021?

7. Do you, any member of your immediate family, or close personal friends, live or work near or have any special familiarity with the immediate area of the U.S. Capitol?

8. Have you watched any video of what happened at the U.S. Capitol on January 6, 2021, on television, on the internet, or in any other way?

9. Have you followed the congressional investigation into or any of the criminal prosecutions related to the events of January 6, 2021 at the U.S. Capitol?

10. I will be instructing the jury that it may consider only evidence that was properly admitted in this case, and the law as I instruct it, and not anything jurors may have seen or heard

outside this courtroom about the events at the U.S. Capitol on January 6, 2021. Is there any reason it would be difficult for you to set aside whatever you may have seen or heard and whatever feelings or opinions you have about those events, to follow these instructions, and to be a fair and impartial juror in this case?

11. Do you, members of your immediate family or any close personal friends work for or with any law enforcement agency? This includes any police department in or outside the District of Columbia, special police officers, prosecutors' offices such as the state's attorney or U.S. Attorney, U.S. Capitol Police, U.S. Park Police, the FBI, Department of Justice, Department of Homeland Security, sheriffs' departments, U.S. Secret Service, or any other law enforcement agency.

12. Have you, members of your immediate family or any close personal friends gone to law school, worked as a lawyer, or worked in a law office of any kind?

13. Have you, members of your immediate family or any close personal friends ever been investigated for, arrested for, charged with or convicted of a crime, or been a victim of or witness to a crime?

14. Have you previously served on a grand jury or a trial jury?

15. I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness works in law enforcement. Do you have such strong feelings about law enforcement - either positive or negative - that it would be difficult for you to follow this instruction or be a fair and impartial juror in the case?

16. The defendants have entered a plea of not guilty to all the charges. In a criminal case, a defendant is presumed innocent unless and until the government proves their guilty beyond a reasonable doubt. Will you have any difficulty accepting or applying this rule of law?

17. Because the defendants are presumed innocent, they have no obligation to testify or present any evidence in the case. I will instruct you that, if they choose not to testify, you may not hold it against them in any way. Will you have any difficulty following this instruction?

18. If you are selected as a juror and hear this case, you will be required to deliberate with 11 other jurors. This will require you to discuss the evidence and the law in this case with the 11 other jurors. Is there anything that leads you to believe that you might be unable or unwilling to engage in such discussion with others?

19. Do you have a hearing problem such that it would make it difficult for you to hear testimony, or an eyesight problem that would make it difficult for you to view or read evidence, or any other physical or mental condition that would make it difficult for you to serve as a juror?

20. Are you presently experiencing any medical condition, including taking any medication that might in any way affect your ability to serve as a juror or give your full attention to this case?

21. Do you have any difficulty understanding the English language?

22. This trial could last through Friday, June 7. Would serving as a juror in this case be an extreme hardship for you?

23. If you are selected as a juror in this case, I will instruct you to avoid all media coverage of this case and the defendants. That is, you will be forbidden from reading newspaper articles about the case, listening to radio and podcast stories about this case, watching TV news about this case, googling this case, blogging or tweeting about this case, or reading or posting

comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

24.     My final question is what I call my "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. For example, perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case, and base your verdict only on the evidence you hear and the law as I instruct you?

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

*/s/ Kaitlin Klamann*
KAITLIN KLAMANN
SARAH MARTIN
Assistant United States Attorneys

*Counsel for the Government*