# GOVERNMENT EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No.   23-CR-35 (RC)** |
| **v.** | : | |
| | : | |
| **CASEY TRYON-CASTRO, MICAIAH** | : | |
| **JOSEPH AND TROY WEEKS,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**JOINT[1] PROPOSED JURY INSTRUCTIONS**

Pursuant to the Pretrial Order, ECF 130, the United States of America and defendant Micaiah Joseph hereby propose the following jury instructions.  Any objections or disagreements between the parties are noted below each instruction.

The parties respectfully request leave of Court to supplement, amend, or modify these proposed jury instructions as necessary to conform to the evidence and argument at trial.

**A.  Instructions Before and During Trial**

The parties have no objection to the Redbook instructions before and during trial as appropriate based on the facts and developments at trial.

**B.  Instructions Without Objections**

1.  Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2.  Function of the Court, Redbook 2.101

3.  Function of the Jury, Redbook 2.102

4.  Jury's Recollection Controls, Redbook 2.103

5.  Evidence in the Case, Redbook 2.104

---

[1] The government did not receive objections or comments on its proposed instructions from defendant Casey Tryon-Castro prior to filing this submission

6. Statements of Counsel, Redbook 2.105

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof—Presumption of Innocence, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Nature of Charges Not to Be Considered, Redbook 2.110

12. Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.909, *as applicable*

17. Proof of State of Mind, Redbook 3.101

18. <u>Count Fourteen</u>: Physical Violence in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2) [*see proposal below, on page 55*]

19. <u>Count Sixteen</u>: Impeding Passage Through the Capitol Grounds or Buildings, 40 U.S.C. § 5104(e)(2)(E) [*see proposal below, on page 56]*

20. Multiple Defendants – Multiple Counts, Redbook 2.404

21. Unanimity—General, Redbook 2.405

22. Verdict Form Explanation, Redbook 2.407

23. Redacted Exhibits, Redbook 2.500, as applicable

24. Exhibits During Deliberations, Redbook 2.501

25. Selection of Foreperson, Redbook 2.502

26. Possible Punishment Not Relevant, Redbook 2.505

27. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

28. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

29. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

30. Excusing Alternate Jurors, Redbook 2.511

## C. Instructions Upon Which the Parties Disagree

31. Defense Theory of the Case, Redbook 9.100
    [*see proposal below, page 4*]

32. Aiding and Abetting, Redbook 3.200
    [*see proposal below, e.g., page 21*]

33. <u>Count One:</u> Obstructing Officers During a Civil Disorder, 18 U.S.C. § 231(a)(3)
    [*see proposal below, page 5*]

34. <u>Count Four:</u> Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1) [*see proposal below, page 15*]

35. <u>Count Five:</u> Robbery of Personal Property of the United States Government, 18 U.S.C. § 2111 [*see proposal below, page 21*]

36. <u>Count Six:</u> Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1) [*see proposal below, page 27*]

37. <u>Count Seven:</u> Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1) [*see proposal below, page 29*]

38. <u>Count Eight:</u> Assaulting, Resisting, or Impeding Certain Officers, 18 U.S.C. § 111(a)(1) [*see proposal below, page 37*]

39. <u>Count Ten:</u> Entering or Remaining in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(1) [*see proposal below, page 45*]

40. Good Faith
    [*See proposal below, page 49*]

41. <u>Count Twelve</u>: Disorderly or Disruptive Conduct in a Restricted Building or Grounds, 18 U.S.C. § 1752(a)(2) [*see proposal below, page 51*]

3

**Proposed Instruction No. 31**

**<u>DEFENSE THEORY OF THE CASE</u>[2]**

<span style="color:red">Proposed by Defendant Joseph</span>

The defendant has pled not guilty to all of the charges.  He contends he did not assault police officers nor engage in a civil disorder or attempt to engage in civil disorder, nor did he  aid and abet others in a civil disorder. He also contends that  he did not enter or remain in a restricted building or grounds, that he did not engage in disorderly or disruptive conduct in a restricted building or grounds, that he did not engage in physical violence in a restricted  building or grounds, that he did not obstruct or impede passage through the capitol building or grounds, that he did not obstruct or impede passage through the capitol building or grounds,  and finally, that he did not engage in acts of physical violence in the capitol buildings or grounds.


**Objection**: the government objects to this instruction. This instruction is cumulative as it is already covered by the Statement of the Case.

---

[2] Redbook 9.100

**Proposed Instruction No. 33**

**OBSTRUCTING OFFICERS DURING A CIVIL DISORDER[3]**

(18 U.S.C. § 231(a)(3))

Count One charges the defendants with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count One also charges the defendants Casey Tryon-Castro, Troy Weeks, and Micaiah Joseph with attempt to commit the crime of obstructing officers during a civil disorder. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendants attempted the offense.

Elements

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

---

[3] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26); *see also United States v. Grider*, 651 F. Supp. 3d 1, 13 (D.D.C. 2022) ("[T]he Court need not find that the defendant's actions *in fact* obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the *specific intent* to obstruct law enforcement officers.").

5

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[4]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[5]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as the United Sates Capitol Police.[6]

---

[4] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[5] *See* 18 U.S.C. § 232(3).

[6] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the

term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing

federal law and D.C. law in those areas.[7]

A person acts "knowingly" if they realize what they were doing and are aware of the nature

of their conduct, and do not act through ignorance, mistake, or accident.  In deciding whether each

defendant acted knowingly, you may consider all of the evidence, including what the defendants

did, said, or perceived.[8]

---

obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[7] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[8] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7) (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40

## ATTEMPT

In Count One, the defendants are also charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to commit obstructing officers during a civil disorder is a crime even if the defendants did not actually complete the crime.

In order to find the defendants guilty of attempt to commit obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendants intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

Second, that the defendants took a substantial step toward committing obstructing officers during a civil disorder which strongly corroborates or confirms that the defendants intended to commit that crime.

With respect to the first element of attempt, you may not find the defendants guilty of attempt to commit obstructing officers during a civil disorder merely because the defendants thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendants' mental states passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendants guilty of attempt to commit obstructing officers during a civil disorder merely because the defendants made some plans to or some preparation for committing that crime.  Instead, you must find that the

---

U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

defendants took some firm, clear, undeniable action to accomplish their intent to commit obstructing officers during a civil disorder.  However, the substantial step element does not require the government to prove that the defendants did everything except the last act necessary to complete the crime.

**

The defendants may be found guilty of the offense charged in Count One if the defendants obstructed officers during a civil disorder or attempted to obstruct officers during a civil disorder.  Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendants committed the offense of obstructing officers during a civil disorder in either one of these ways, you should find the defendants guilty of Count One, and you need not consider whether the defendants committed the offense of obstructing officers during a civil disorder in the other way.

**Objection:** defendant Micaiah Joseph objects to portions of this instruction, and requests the below revisions highlighted in yellow.

## ~~OBSTRUCTING OFFICERS DURING A~~ CIVIL DISORDER[9]

(18 U.S.C. § 231(a)(3))

---

[9] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26); *see also United States v. Grider*, 651 F. Supp. 3d 1, 13 (D.D.C. 2022) ("[T]he Court need not find that the defendant's actions *in fact* obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the *specific intent* to obstruct law enforcement officers.").

Count One charges the defendants with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count One also charges the defendants Casey Tryon-Castro, Troy Weeks, and Micaiah Joseph with attempt to commit the crime of obstructing officers during a civil disorder. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendants attempted the offense.

Elements

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. <mark>It also means commerce wholly within the District of Columbia.[10] I OBJECT TO THIS.</mark>

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[11] <mark>I OBJECT. SEE FN 3. SHOULD TRACK THE STATUTE.</mark>

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as the United Sates Capitol Police.[12]

---

[10] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 21).

[11] *See* 18 U.S.C. § 232(3).

[12] *See, e.g., United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.' Webster's Third New International Dictionary 1172 (1971)."). For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[13]

A person acts "knowingly" if they realize what they were doing and are aware of the nature of their conduct, and do not act through ignorance, mistake, or accident. In deciding whether each defendant acted knowingly, you may consider all of the evidence, including what the defendants did, said, or perceived.[14] OBJECT TO PERCEIVED. EVEN WALTON DIDN'T GIVE THAT. YOU SHOULD KNOW THAT ARTHUR ANDERSON WAS REVERSED BECAUSE OF THE JURY INSTRUCTIONS. JUDGE HARMON WAS NOT AMUSED.

---

[13] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 19); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 30). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").

[14] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7) (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9) (same).

## ATTEMPT

In Count One, the defendants are also charged with attempt to commit the crime of obstructing officers during a civil disorder.  An attempt to commit obstructing officers during a civil disorder is a crime even if the defendants did not actually complete the crime.

In order to find the defendants guilty of attempt to commit obstructing officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

> First, that the defendants intended to commit the crime of obstructing officers during a civil disorder, as I have defined that offense above.

> Second, that the defendants took a substantial step toward committing obstructing officers during a civil disorder which strongly corroborates or confirms that the defendants intended to commit that crime.

With respect to the first element of attempt, you may not find the defendants guilty of attempt to commit obstructing officers during a civil disorder merely because the defendants thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendants' mental states passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendants guilty of attempt to commit obstructing officers during a civil disorder merely because the defendants made some plans to or some preparation for committing that crime.  Instead, you must find that the defendants took some firm, clear, undeniable action to accomplish their intent to commit obstructing officers during a civil disorder.  However, the substantial step element does not require the government to prove that the defendants did everything except the last act necessary to

complete the crime. I object to all of this verbiage. Here is the attempt instruction:

**ATTEMPT-defendant joseph**

An attempt is committed if the defendant intended to commit the crime of Civil Disorder and the defendant engaged in conduct that constituted a substantial step toward committing the crime of Civil Disorder. You may convict the defendant of an attempt to commit the crime of Civil Disorder even if the evidence shows that the crime of Civil Disorder was not completed. However, merely thinking about or preparing to commit a crime does not constitute an attempt. Rather, the defendant must have committed an act with the intent to commit the crime of Civil Disorder.

**

The defendants may be found guilty of the offense charged in Count One if the defendants obstructed officers during a civil disorder or attempted to obstruct officers during a civil disorder. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendants committed the offense of obstructing officers during a civil disorder in either one of these ways, you should find the defendants guilty of Count One, and you need not consider whether the defendants committed the offense of obstructing officers during a civil disorder in the other way.

14

**Proposed Instruction No. 34**

## ASSAULTING, RESISTING, OR IMPEDING OFFICERS[15]

(18 U.S.C. § 111(a)(1))

Count Four of the Superseding Indictment charges defendant Casey Tryon-Castro with assaulting, resisting, or impeding Metropolitan Police Department Sergeant Phuson Nguyen, who was assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Sergeant Phuson Nguyen.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Sergeant Nguyen was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Sergeant Nguyen, or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count One.

---

[15] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Definitions

A person acts "forcibly" if they use force, attempt to use force, or threaten to use force against the officer.  Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly.  In such case, the threat must be a present one.[16]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury.  Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[17]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[16] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).  For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

[17] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.").  For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19-20).

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his or her duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[18]

**Objection**: defendant Micaiah Joseph objects to portions of this instruction, and requests the below revisions, which are highlighted in yellow.

### ASSAULTING, RESISTING, OR IMPEDING OFFICERS[19]

### (18 U.S.C. § 111(a)(1))

Count Four of the Superseding Indictment charges defendant Casey Tryon-Castro with assaulting, resisting, or impeding Metropolitan Police Department Sergeant Phuson Nguyen, who was assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

---

[18] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20-21).

[19] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Sergeant Phuson Nguyen.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Sergeant Nguyen was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Sergeant Nguyen, or acted with the intent to commit another felony.  For purposes of this element, "another felony" refers to the offense charged in Count One.

Definitions

A person acts "forcibly" if they use force, attemptED to use force, or threatenED to use force against the officer.  Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly.  In such case, the threat must be a present one.[20] I OBJECT TO THIS LANGUAGE. SEE US V. EGTVEDT, 21 CR 177ICRC) ECF 105, GOV'T JURY INSTRUCTIONS.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.  To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant  ACTED FORCIBLY AND intended to inflict or to threaten injury.  Injury means any physical injury, however small,

---

[20] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).  For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

including a touching offensive to a person of reasonable sensibility.[21] NOT RELEVANT. DELETE LAST SENTENCE.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his or her duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[22] NEED LIMITING INSTRUCTION HERE

---

[21] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.").  For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19-20).
[22] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20-21).

Proposed Instruction No. 35

**ROBBERY OF PERSONAL PROPERTY OF THE UNITED STATES[23]**

(18 U.S.C. § 2111 and 2)

Count Five charges defendant Casey Tryon-Castro with robbery of personal property of the United States, which is a violation of federal law.  Count Five also charges the defendant with aiding and abetting others to commit the offense.  First, I will explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendant aided and abetted the offense.

Elements

In order to find the defendant guilty of robbery of personal property of the United States, you must find the following elements beyond a reasonable doubt:

First, the defendant took property from a person.

Second, that the defendant did so against that person's will.

Third, that the defendant did so by force or violence.

Fourth, that the defendant carried the property away.

Fifth, that the defendant took the property without a right to it and intending to steal it, in other words, that he intended to permanently deprive the United States of it.

Sixth, that the property was the personal property of the United States.

---

[23] *See United States v. Nordean, et al.*, 21-cr-175 (TJK) (ECF No. 767 at 40-41).

## AIDING AND ABETTING[24]

In this case, the government further alleges that the defendant committed robbery of personal property of the United States, as charged in Count Five, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Five.

A person may be guilty of an offense if they aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of robbery of personal property of the United States because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed robbery of personal property of the United States by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that robbery of personal property of the United States was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of

---

[24] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.  *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of robbery of personal property of the United States.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of robbery of personal property of the United States.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of robbery of personal property of the United States as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way

participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count Five if the defendant committed robbery of personal property of the United States or aided and abetted in a robbery of personal property of the United States. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of robbery of personal property of the United States in any one of these two ways, you should find the defendant guilty of Count Five, and you need not consider whether the defendant committed the offense of robbery of personal property of the United States in the other way.

**Objection**: defendant Micaiah Joseph objects to portions of this instruction, and requests the below revisions, which are highlighted in yellow.

## ROBBERY OF PERSONAL PROPERTY OF THE UNITED STATES[25]

(18 U.S.C. § 2111 and 2)

Count Five charges defendant Casey Tryon-Castro with robbery of personal property of the United States, which is a violation of federal law. Count Five also charges the defendant with aiding and abetting others to commit the offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

---

[25] *See United States v. Nordean, et al.*, 21-cr-175 (TJK) (ECF No. 767 at 40-41).

23

<u>Elements</u>

In order to find the defendant guilty of robbery of personal property of the United States, you must find the following elements beyond a reasonable doubt:

First, the defendant took property from a person.

Second, that the defendant did so against that person's will.

Third, that the defendant did so by force or violence.

Fourth, that the defendant carried the property away.

Fifth, that the defendant took the property without a right to it and intending to steal it, in other words, that he intended to permanently deprive the United States of it.

Sixth, that the property was the personal property of the United States.

## AIDING AND ABETTING[26]

In this case, the government ==further -should say alternatively== alleges that the defendant committed robbery of personal property of the United States, as charged in Count Five, by aiding and abetting others in committing this offense.  This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Five.

A person may be guilty of an offense if they aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the

---

[26] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.  *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

crime.

In order to find the defendant guilty of robbery of personal property of the United States because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed robbery of personal property of the United States by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that robbery of personal property of the United States was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of robbery of personal property of the United States.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of robbery of personal property of the United States.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the

fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of robbery of personal property of the United States as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count Five if the defendant committed robbery of personal property of the United States or aided and abetted in a robbery of personal property of the United States. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of robbery of personal property of the United States in any one of these two ways, you should find the defendant guilty of Count Five, and you need not consider whether the defendant committed the offense of robbery of personal property of the United States in the other way.

NEED LIMITING INSTRUCTION HERE

**Proposed Instruction No. 36**

**ASSAULTING, RESISTING, OR IMPEDING OFFICERS**[27]

(18 U.S.C. § 111(a)(1))

Count Six of the Superseding Indictment charges defendant Troy Weeks with assaulting, resisting, or impeding Metropolitan Police Department Sergeant William Bogner, who was assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Sergeant Bogner.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Sergeant Bogner was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Sergeant Bogner, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

---

[27] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

<u>Definitions</u>

The terms "forcibly" and "assault" have the same meaning described in the instructions for Count Four.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

**Objection**: defendant Micaiah Joseph requests a limiting instruction following Count 6.

**Proposed Instruction No. 37**

**ASSAULTING, RESISTING, OR IMPEDING OFFICERS**[28]

(18 U.S.C. § 111(a)(1))

Count Seven of the Superseding Indictment charges defendant Casey Tryon-Castro with assaulting, resisting, or impeding a Metropolitan Police Department officer, during the timeframe of 3:08 p.m. and 3:11 p.m., who was assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count Seven also charges the defendant with aiding and abetting others to commit the offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a Metropolitan Police Department officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

---

[28] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Fifth, the defendant made physical contact with the officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

<u>Definitions</u>

The terms "forcibly" and "assault" have the same meaning described in the instructions for Count Four.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

## AIDING AND ABETTING[29]

In this case, the government further alleges that the defendant assaulted, resisted, or impeded an officer, as charged in Count Seven, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Seven.

A person may be guilty of an offense if they aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting, resisting, or impeding certain officers

---

[29] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed assaulting, resisting, or impeding certain officers by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that assaulting, resisting, or impeding certain officers was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting, resisting, or impeding certain officers.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting, resisting, or impeding certain officers.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.

However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting, resisting, or impeding certain officers as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count Seven if the defendant assaulted, resisted, or impeded certain officers or aided and abetted in assaulting, resisting, or impeding certain officers. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of assaulting, resisting, or impeding certain officers in either one of these two ways, you should find the defendant guilty of Count Seven, and you need not consider whether the defendant committed the offense of assaulting, resisting, or impeding certain officers in the other way.

**Objection**: defendant Micaiah Joseph objects to portions of this instruction, and requests the below revisions, which are highlighted in yellow.

32

## ASSAULTING, RESISTING, OR IMPEDING OFFICERS[30]

### (18 U.S.C. § 111(a)(1))

Count Seven of the Superseding Indictment charges defendant Casey Tryon-Castro with assaulting, resisting, or impeding a Metropolitan Police Department officer, during the timeframe of 3:08 p.m. and 3:11 p.m., who was assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count Seven also charges the defendant with aiding and abetting others to commit the offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a Metropolitan Police Department officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

---

[30] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Fifth, the defendant made physical contact with the officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

Definitions

The terms "forcibly" and "assault" have the same meaning described in the instructions for Count Four.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

## AIDING AND ABETTING[31]

In this case, the government further alleges that the defendant assaulted, resisted, or impeded an officer, as charged in Count Seven, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Seven.

A person may be guilty of an offense if they aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting, resisting, or impeding certain officers

---

[31] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.  *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following five elements:

First, that others committed assaulting, resisting, or impeding certain officers by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that assaulting, resisting, or impeding certain officers was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting, resisting, or impeding certain officers; and

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting, resisting, or impeding certain officers.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances presented

==during the trial. Add this.==  However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty ==add this==: ==of the crime of== assaulting, resisting, or impeding certain officers as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

==A defendant may be found guilty of the offense charged in Count Seven if the defendant assaulted, resisted, or impeded certain officers or aided and abetted in assaulting, resisting, or impeding certain officers.  Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of assaulting, resisting, or impeding certain officers in either one of these two ways, you should find the defendant guilty of Count Seven, and you need not consider whether the defendant committed the offense of assaulting, resisting, or impeding certain officers in the other way. DELETE THIS PARAGRAPH. WHRE IDD IT COME FROM ?==

==NEED LIMITING INSTRUCTION HERE==

**Proposed Instruction No. 38**

**ASSAULTING, RESISTING, OR IMPEDING OFFICERS[32]**

(18 U.S.C. § 111(a)(1))

Count Eight of the Superseding Indictment charges defendant Micaiah Joseph with assaulting, resisting, or impeding a Metropolitan Police Department officer, during the timeframe of 3:08 p.m. and 3:09 p.m., who was assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.   Count Seven also charges the defendant with aiding and abetting others to commit the offense.   First, I will explain the elements of the substantive offense, along with its associated definitions.   Then, I will explain how to determine whether the defendant aided and abetted the offense.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a Metropolitan Police Department officer.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

---

[32] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Fifth, the defendant made physical contact with the officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

Definitions

The terms "forcibly" and "assault" have the same meaning described in the instructions for Count Four.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

## AIDING AND ABETTING[33]

In this case, the government further alleges that the defendant assaulted, resisted, or impeded an officer, as charged in Count Eight, by aiding and abetting others in committing this offense. This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Eight.

A person may be guilty of an offense if they aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting, resisting, or impeding certain officers

---

[33] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed assaulting, resisting, or impeding certain officers by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that assaulting, resisting, or impeding certain officers was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting, resisting, or impeding certain officers.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting, resisting, or impeding certain officers.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances.

However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting, resisting, or impeding certain officers as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count Eight if the defendant assaulted, resisted, or impeded certain officers or aided and abetted in assaulting, resisting, or impeding certain officers.  Each of these two ways of committing the offense is described in the instructions that I have given you.  If you find beyond a reasonable doubt that the defendant committed the offense of assaulting, resisting, or impeding certain officers in either one of these two ways, you should find the defendant guilty of Count Eight, and you need not consider whether the defendant committed the offense of assaulting, resisting, or impeding certain officers in the other way.

**Objection**: defendant Micaiah Joseph objects to portions of this instruction, and requests the below revisions, which are highlighted in yellow.

40

## ASSAULTING, RESISTING, OR IMPEDING OFFICERS[34]

### (18 U.S.C. § 111(a)(1))

Count Eight of the Superseding Indictment charges defendant Micaiah Joseph with assaulting, resisting, or impeding a Metropolitan Police Department officer, during the timeframe of 3:08 p.m. and 3:09 p.m., who was assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.   Count Seven also charges the defendant with aiding and abetting others to commit the offense.   First, I will explain the elements of the substantive offense, along with its associated definitions.   Then, I will explain how to determine whether the defendant aided and abetted the offense.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with a Metropolitan Police Department officer. Should track language of indictment

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally; and

Fourth, the person assaulted,  resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties. Omit this paragraph and it should say

Fourth, officer XX was an officer and employee of the MPD who was then engaged in the performance of his/her official duties and

---

[34] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

==Fifth, the defendant committed an assault that involved phYiscal contact with officer XX AND MADE PHYSICAL CONTACT WITH OFFICER XX. DELETE THE REST== made physical contact with the officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

Definitions

The terms "forcibly" and "assault" have the same meaning described in the instructions for Count Four.

==The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings. ONLY HAVE THE WORDS FROM INDICTMENT.==

## AIDING AND ABETTING[35]

In this case, the government further alleges that the defendant assaulted, resisted, or impeded an officer, as charged in Count Eight, by aiding and abetting others in committing this offense. ==This is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Eight. I object to this language. Where did this come from?==

A person may be guilty of an offense if they aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and

---

[35] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02. *See United States v. Fellows*, 21-cr-83 (TNM) (ECF No. 140 at 29-31); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 21-25).

that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of assaulting, resisting, or impeding certain officers because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:  <mark>SEE MY PREVIOUS NOTES</mark>

First, that others committed assaulting, resisting, or impeding certain officers by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that assaulting, resisting, or impeding certain officers was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting, resisting, or impeding certain officers.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting, resisting, or impeding certain officers.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.  The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense.  Also, the defendant's acts need not themselves

be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty of assaulting, resisting, or impeding certain officers as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

**

A defendant may be found guilty of the offense charged in Count Eight if the defendant assaulted, resisted, or impeded certain officers or aided and abetted in assaulting, resisting, or impeding certain officers. Each of these two ways of committing the offense is described in the instructions that I have given you. If you find beyond a reasonable doubt that the defendant committed the offense of assaulting, resisting, or impeding certain officers in either one of these two ways, you should find the defendant guilty of Count Eight, and you need not consider whether the defendant committed the offense of assaulting, resisting, or impeding certain officers in the other way.

**Proposed Instruction No. 39**

**ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS**[36]

(18 U.S.C. § 1752(a)(1))

Count Ten of the Superseding Indictment charges defendants Casey Tryon-Castro, Troy Weeks, and Micaiah Joseph with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendants entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendants did so knowingly.[37]

---

[36] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

[37] Section 1752 requires proof that the defendant knew he or she acted in a restricted building or grounds without lawful authority, but does not require proof that the defendant knew the reason the area was restricted due to the presence of a U.S. Secret Service protectee. *United States v. Carnell et al.*, 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12). "Under Section 1752, the USSS-protectee requirement in a part of the definitional subsection has no bearing on the "wrongfulness [or] innocence" of the conduct, and proof of knowledge of the USSS-protectee requirement is accordingly not required." *Id.* at 31. Several other courts in this district have similarly held that knowledge of the reason the area was restricted is not required. *See United States v. Easterday*, 22-cr-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024); *United States v. Warnagiris*, 21-cr-382 (PLF), ECF No. 128 at 4–5 (D.D.C. Mar. 28, 2024); *United States v. Chambers*, 23-cr-300 (DLF) (D.D.C. Mar. 14, 2024); *United States v. Nester*, 22-cr-183 (TJC) (D.D.C. Mar. 5, 2024); Trial Tr. at 1199–1200, *United States v. Vo*, No. 21-cr-509 (TSC), ECF No. 130 (D.D.C. Sept. 22, 2023); Trial Tr. at 8, *United States v. Eicher*, No. 22-cr-38 (BAH) (D.DC. June 14, 2023); Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22, 2022). Some courts in this district have come to the opposite conclusion, but those opinions came to the wrong result. *See* Verdict

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.


**Objection**: defendant Micaiah Joseph notes that his position as to the 1752 instructions is that the gov't must also prove that the VP was visiting.  Defendant Joseph also objects to portions of the instruction and requests the below revisions, highlighted in yellow.


## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS[38]

(18 U.S.C. § 1752(a)(1))

Count Ten of the Superseding Indictment charges defendants Casey Tryon-Castro, Troy Weeks, and Micaiah Joseph with entering or remaining in a restricted building or grounds, which is a violation of federal law.

---

Tr. at 4, *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023).  The D.C. Circuit is expected to decide this issue in *United States v. Griffin*, No. 22-3042 (oral argument held Dec. 4, 2023).

[38] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).  For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the ==THAT defendants== ==THE DEFENDANT== entered or remained in a restricted building or grounds without lawful authority to do so.

Second, ==THAT the defendant== did so knowingly.[39]

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

---

[39] Section 1752 requires proof that the defendant knew he or she acted in a restricted building or grounds without lawful authority, but does not require proof that the defendant knew the reason the area was restricted due to the presence of a U.S. Secret Service protectee. *United States v. Carnell et al.*, 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12). "Under Section 1752, the USSS-protectee requirement in a part of the definitional subsection has no bearing on the "wrongfulness [or] innocence" of the conduct, and proof of knowledge of the USSS-protectee requirement is accordingly not required." *Id.* at 31. Several other courts in this district have similarly held that knowledge of the reason the area was restricted is not required. *See United States v. Easterday*, 22-cr-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024); *United States v. Warnagiris*, 21-cr-382 (PLF), ECF No. 128 at 4–5 (D.D.C. Mar. 28, 2024); *United States v. Chambers*, 23-cr-300 (DLF) (D.D.C. Mar. 14, 2024); *United States v. Nester*, 22-cr-183 (TJC) (D.D.C. Mar. 5, 2024); Trial Tr. at 1199–1200, *United States v. Vo*, No. 21-cr-509 (TSC), ECF No. 130 (D.D.C. Sept. 22, 2023); Trial Tr. at 8, *United States v. Eicher*, No. 22-cr-38 (BAH) (D.DC. June 14, 2023); Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22, 2022). Some courts in this district have come to the opposite conclusion, but those opinions came to the wrong result. *See* Verdict Tr. at 4, *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023). The D.C. Circuit is expected to decide this issue in *United States v. Griffin*, No. 22-3042 (oral argument held Dec. 4, 2023).

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count One.

Proposed Instruction No. 40

**<u>GOOD FAITH</u>**

Requested by Defendant Micaiah Joseph

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, the fact-finder cannot find the defendant guilty of this offense unless he is convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.  SEE USA V. COOK, 21-CR-138(RBW).

**Objection**: the government objects to this instruction.  Numerous courts of appeals have held that it is not error to deny a good-faith defense instruction where the jury is required to find knowledge beyond a reasonable doubt.  *See United States v. Germeil*, Nos. 19-14942 & 19-14961, 2023 WL 1991723, at *10 (11th Cir. Feb. 14, 2023) ("we've held, repeatedly, that the good faith defense is 'substantially included in the instruction that the criminal act must be done 'knowingly'") (citing *United States v. Jordan*, 582 F.3d 1239, 1248 (11th Cir. 2009); *United States v. McNair*, 605 F.3d 1152, 1201 n.65 (11th Cir. 2010); *see also United States v. Koster*, 163 F.3d 1008, 1012 (7th Cir. 1998); *United States v. Al Morshed*, 69 F. App'x 13, 16 (2d Cir. 2003); *United States v. Upton*, 91 F.3d 677, 683 (5th Cir. 1996); *United States v. Rushton*, 963 F.2d 272, 274 (9th Cir. 1992); *United States v. Gross*, 961 F.2d 1097, 1102-03 (3d Cir. 1992); *United States v. McGuire*, 744 F.2d 1197, 1201-02 (6th Cir. 1984); *United States v. Gambler*, 662 F.2d 834, 837 (D.C. Cir. 1981); *New England Enterprises, Inc. v. United States*, 400 F.2d 58, 71 (1st Cir. 1968).

In the alternative, the government requests that, instead of adding a good faith instruction, that the Court revise the definition of "knowledge" following the instruction for Entering and

Remaining in a Restricted Building or grounds as follows: "A person acts "knowingly" if they realize what they are doing and are aware of the nature of their conduct, and do not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived. A person who enters or remains in a restricted area with a good faith belief that they are entering or remaining with lawful authority is not guilty of this crime.[40]

---

[40] *See United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 12); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9).

**Proposed Instruction No. 41**

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS</u>[41]**

(18 U.S.C. § 1752(a)(2))

Count Twelve of the Superseding Indictment charges defendants Casey Tryon-Castro, Troy Weeks, and Micaiah Joseph with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, their conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

---

[41] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

<u>Definitions</u>

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.[42]  [Even passive, quiet, and nonviolent conduct can be "disorderly," if the conduct is likely to cause a public disturbance.[43]]

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.[44]  This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity.  Whether particular conduct is "disruptive" depends on the context and surrounding circumstances, and includes conduct that is plainly out of place for the time or setting where it occurs.[45]

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Ten.

**Objection**: defendant Micaiah Joseph objects to portions of the instruction and requests the below revisions, highlighted in yellow.

---

[42] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024); *see also United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[43] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024) ("[I]it is … clear from caselaw that even passive, quiet and nonviolent conduct can be disorderly. The Supreme Court has recognized that a breach of the peace can occur 'by passive conduct likely to cause a public disturbance[.]'" (citing *Garner v. Louisiana*, 368 U.S. 157, 174 (1961))).

[44] *United States v. Alford*, 89 F.4th 943, 951 (D.C. Cir. 2024).

[45] *United States v. Alford*, 89 F.4th 943, 950-51 (D.C. Cir. 2024) (noting that "disrupt" means "to throw into disorder or turmoil" and that "disruptive actions are those that are inappropriate or plainly out of place for the time or setting").

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS[46]

(18 U.S.C. § 1752(a)(2))

Count Twelve of the Superseding Indictment charges defendants Casey Tryon-Castro, Troy Weeks, and Micaiah Joseph with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law. Delete this paragraph. Superfluous.

Elements

In order to find the defendant guilty of this offense, you must find that theNO, here's what it should say:

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted buioting or ground, the   government   must prove each of the   following elements beyond a reasonable doubt as to each defendant:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions. And

Third, the defendant's conduct occurred when, or so that, their conduct DELETE THIS. in fact impeded or disrupted the orderly conduct of Government business or official functions.

---

[46] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

Definitions

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.[47]  [Even passive, quiet, and nonviolent conduct can be "disorderly," if the conduct is likely to cause a public disturbance.[48]] OBJECTION.

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.[49]  This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity.  Whether particular conduct is "disruptive" depends on the context and surrounding circumstances, and includes conduct that is plainly out of place for the time or setting where it occurs.[50] OBJECT.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count Ten.

---

[47] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024); *see also United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); *see also* 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[48] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024) ("[I]t is … clear from caselaw that even passive, quiet and nonviolent conduct can be disorderly. The Supreme Court has recognized that a breach of the peace can occur 'by passive conduct likely to cause a public disturbance[.]'" (citing *Garner v. Louisiana*, 368 U.S. 157, 174 (1961))).

[49] *United States v. Alford*, 89 F.4th 943, 951 (D.C. Cir. 2024).

[50] *United States v. Alford*, 89 F.4th 943, 950-51 (D.C. Cir. 2024) (noting that "disrupt" means "to throw into disorder or turmoil" and that "disruptive actions are those that are inappropriate or plainly out of place for the time or setting").

Proposed Instruction No. 18 (Agreed Upon)

## ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS [51]

(18 U.S.C. § 1752(a)(4))

Count Fourteen of the Superseding Indictment charges defendants Casey Tryon-Castro, Micaiah Joseph, and Troy Weeks with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Counts One and Ten.

---

[51] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 18); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 40-41).

**Proposed Instruction No. 19**

**OBSTRUCTING OR IMPEDING PASSAGE THROUGH
THE CAPITOL GROUNDS OR BUILDINGS**[52]

(40 U.S.C. § 5104€(2)(E))

Count Sixteen of the Superseding Indictment charges defendants Casey Tryon-Castro, Micaiah Joseph, and Troy Weeks with obstructing or impeding passage through the Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendants guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant obstructed or impeded passage through or within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

Definitions

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count One and Ten.

The terms "knowingly" has the same meaning described in the instructions for Count One.

A person acts "willfully" if they act with the intent to do something that the law forbids, that is, to disobey or disregard the law. While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.[53]

---

[52] *See* Government's Proposed Legal Elements, *United States v. Montano Alvarado*, 21-cr-154 (RCL) (ECF No. 66, at 28) (adopted by the court in issuing bench verdict).

[53] As the Supreme Court has explained, "willfully" is "a word of many meanings whose construction is often dependent on the context in which it appears." *Bryan v. United States*, 524 U.S. 184, 191 (1998) (internal quotation marks omitted). "As a general matter, when used in the

---

criminal context, a 'willful' act is one undertaken with a bad purpose.  In other words, in order to establish a 'willful' violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful."  *Id.* at 191-92 (internal quotation marks omitted).